FILED

2019 FEB -6 PM 1: 05

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**JUDGE POLSTER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAG. JUDGE PARKER**

JOSHUA BRADLEY,

    PLAINTIFF,

v.

UNITED STATES OF AMERICA,

MATTHEW G. WHITAKER, ACTING Attorney General;

THOMAS E. BRANDON,
as Acting Deputy Director of U.S. Bureau of Alcohol,
Tobacco, Firearms and Explosives;

Regina Lombardo, as Acting Associate Deputy Director
of U.S. Bureau of Alcohol, Tobacco, Firearms
and Explosives;

    DEFENDANTS,

JUDGE:

CASE NUMBER:

**1:19 CV 284**

Complaint for Preliminary and Permanent Injunctions, And for Declaratory Judgement

**PRELIMINARY STATEMENT**

    PLAINTIFF, Joshua Bradley, files this complaint for Declaratory and Injunctive relief against the Defendants. This is an Action pursuant to 42 U.S.C. 1983, which seeks Declaratory and Injunctive relief challenging the FEDERAL STATUE 18 U.S.C 922, "Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users" AND ATF REGULATIONS AND THE ATF issued "Open Letter to All Federal Firearms Licensees" (the "Open Letter") that stated the following:

    "Any person who uses or is addicted to marijuana, regardless of whether his or her State has passed legislation authorizing marijuana use for medicinal purposes, is an unlawful user of or addicted to a controlled substance and is prohibited by Federal law from possessing firearms or ammunition. Such persons should answer "yes" to question 11.e. on ATF Form 4473 . . . and you may not transfer firearms or ammunition to them. Further, if you are aware that the potential transferee is in possession of a card authorizing the possession and use of marijuana under State law, then you have "reasonable cause to believe" that the person is an unlawful user of a

controlled substance. As such, you may not transfer firearms or ammunition to the person, even if the person answered "no" to question 11.e. on ATF Form 4473."

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, 1343, 2201 and 2202, & also pursuant to 42 U.S.C. 1981(a) and 1983.
2. Venue is proper in this district based on 28 U.S.C 1391(b), as defendants are residents of this district and the acts of occurrences giving rise to these claims occurred in this district.

## PARTIES

3. Plaintiff JOSHUA BRADLEY is a lawful citizen of the UNITED STATES, who suffers from PTSD
4. UNITED STATES OF AMERICA
5. MATTHEW G. WHITAKER, ACTING Attorney General;
6. THOMAS E. BRANDON, as Acting Deputy Director of U.S Bureau of Alcohol, Tobacco, Firearms and Explosives;
7. Regina Lombardo, as Acting Associate Deputy Director of U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives;

## STATEMENT OF FACTS

8. Marijuana is classified as a Schedule I substance, which is the ranking reserved for drugs with the greatest potential for abuse and with no medicinal value.
9. Marijuana is legal for medical purposes in 32 states.
10. Ohio Allows 21 qualifying conditions (Including PTSD) that may be treated with medical marijuana
11. The Plaintiff was diagnosed with PTSD in 2016 due to an injury in a workplace fire, & Continues to suffer from severe symptoms to this day
12. The plaintiff meets the qualifications to register for the Ohio Medical Marijuana Program.
13. The Medicine from the Ohio Medical Marijuana Program would grant the plaintiff relief from his severe symptoms of PTSD
14. The plaintiff can't register for the Ohio Medical Marijuana Program because he possesses firearms and ammunition.

15. The Plaintiff COMPLETED the 20-HOUR (OPOTA) PRIVATE SECURITY FIREARMS AND RECEIVED CERTIFICATION.
16. The plaintiff would not be permitted to own or possess firearms or ammunition, if he registers for the Ohio Medical Marijuana Program, and would be subject to future felony Criminal Charges or possible harassment from law enforcement.
17. The plaintiff can't receive the medicine from the Ohio medical marijuana program, the medicine he desperately needs to treat his severe symptoms of PTSD, due to the controversial issue at hand.
18. The Plaintiff will lose his ***RIGHT TO KEEP AND BEAR FIREARMS, if and when he registers for the Ohio Medical Marijuana Program.***
19. The plaintiff will miss the chance to receive high quality Medical Marijuana, if he doesn't register for the Ohio Medical Marijuana Program.
20. The medicine will help his Severe symptoms of PTSD.
21. The Plaintiff will continue to suffer from mental injury and mental anguish until he receives the Medicine (Medical Marijuana from the Ohio Medical Marijuana Program) he desperately needs.
22. The plaintiff doesn't want to give up his Second Amendment right ***TO KEEP AND BEAR FIREARMS***, in exchange for the medicine from the Ohio medical Marijuana Program, HE DESPERASTELY NEEDS.
23. Ohio Is a Traditional open-carry State. The open-carry of firearms by those who legally possess the firearm is a legal activity in Ohio with or without a License.

### *COUNT I - VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS*
### *(U.S. CONST. AMENDS. II & XIV; 42 U.S.C 1983)*

24. Plaintiff incorporate by reference the allegations contained in the foregoing paragraphs 1 through 22 of this complaint as it set forth in full herein.
25. The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed."
26. The fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
27. The Second Amendment is applicable to states through the Fourteenth Amendment. See *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010).
28. The Defendants' regulations, which deny lawful Ohio Medical Marijuana Patients Second Amendment rights due to THE FEDERAL STATUE 18 U.S.C 922 "Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users", violates the plaintiff, Joshua Bradley's, individual rights to possessing firearms or ammunition as secured by the second amendment to the united states constitution, solely because the medicine he is BY LAW, ALLOWED to receive is classified as a Schedule I substance federally.
29. Plaintiff has no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of his second and fourth amendment rights.

### *COUNT II- VIOLATION OF RIGHT TO EQUAL PROTECTION*
### *(U.S. CONST. AMEND. XIV; 42 U.S.C 1983)*

1. Plaintiff incorporate by reference the allegations contained in the foregoing paragraphs 1 through 28 of this complaint as it set forth in full herein.
2. The fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
3. The Defendants' regulations, , which deny lawful Ohio Medical Marijuana Patients Second Amendment rights due to THE FEDERAL STATUE 18 U.S.C 922 "Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers

from selling guns to known drug users", violate the plaintiff, Joshua Bradley's, right to Equal Protection of the law as secured by the Fourteenth amendment to the United States Constitution, solely because the medicine he is BY LAW, allowed to receive is classified as a Schedule I substance federally.
4. Plaintiff has no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of his fourth amendment rights.

## *ALLEGATIONS COMMON TO ALL COUNTS*

5. A controversy exists as to whether the firearms ban Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users (Ohio Medical Marijuana Patients) is unconstitutional.
6. A Declaration from this court would settle this issue.
7. A Declaration from this court would deter the plaintiff from being subject to future felony Criminal Charges or possible harassment from law enforcement.
8. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.
9. Plaintiff seeks a declaration that the ban on possessing firearms or ammunition by lawful persons in the OHIO MEDICAL MARIJUANA PROGRAM IS UNCONSTITUTIONAL.
10. ADDITIONALLY, THE PLAINTIFF could and/or would continue to suffer irreparable injury if the court does not issue an injunction.
11. The plaintiff would continue to go on, without the medicine he so desperately needs, causing Mental injury, and mental anguish.
12. There is no adequate remedy at law because only an injunction, as opposed to monetary damages, would allow the plaintiff, joshua bradley, the opportunity to possess firearms or ammunition for lawful purposed in the state of Ohio as an Ohio Medical Marijuana Patient.
13. Enjoining Defendants from enforcing FEDERAL STATUE 18 U.S.C 922, Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users, against Ohio Medical Marijuana Patients in the state of Ohio.
14. Prohibiting lawful Ohio medical marijuana patients from possessing firearms or ammunition in the state of Ohio serves the public interest because the FEDERAL STATUE 18 U.S.C 922, "Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users" AND ATF REGULATIONS AND THE ATF issued "Open Letter to All Federal Firearms Licensees" (the "Open Letter") violates constitutional rights.

## PRAYER FOR RELIEF

For the reasons stated above, the plaintiff, Joshua Bradley, respectfully requests the following relief from the court:

1. That this court render a declaratory judgement that Defendants' attempt to enforce the FEDERAL STATUE 18 U.S.C 922, "Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users" AND ATF REGULATIONS AND THE ATF issued "Open Letter to All Federal Firearms Licensees" (the "Open Letter") Prohibiting lawful Ohio medical marijuana patients from possessing firearms or ammunition in the state of Ohio violates the Second and Fourth Amendments to the United States Constitution;
2. That this court issue a Preliminary and permanent Injunction enjoining and restraining Defendants from enforcing the FEDERAL STATUE 18 U.S.C 922, "Which prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users" AND ATF REGULATIONS AND THE ATF issued "Open Letter to All Federal Firearms Licensees" (the "Open Letter") Prohibiting lawful Ohio medical marijuana patients from possessing firearms or ammunition in the state of Ohio;
3. Award Plaintiff relief as provided by statute and common law;
4. Grant such other and further relief, in law, as the court deems just and proper.

_[signature]_

**JOSHUA BRADLEY**  **February 6th, 2019**

# OHIO NOTARY ACKNOWLEDGMENT

State of __Ohio__

County of __Cuyahoga__

The foregoing instrument was acknowledged before me this __2|6|19__ (date) by __Amanda Urban__ (name of person acknowledged.)

(Seal)   exp. 10/28/22

_Amanda E. Ur___
Signature of Notarial Officer

_____
Title or Rank

_____
Serial Number (if any)