# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOSHUA BRADLEY,** | ) CASE NO. 1:19 CV 284 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| Defendants. | ) |

*Pro se* Plaintiff Joshua Bradley brings this action against Defendants United States of America, Matthew G. Whitaker (Acting Attorney General), Thomas E. Brandon (Acting Deputy Director of U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives), and Regina Lombardo (Acting Associate Deputy Director of U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives) (collectively "Defendants"). (Doc. #: 1). Bradley asks this Court to enjoin Defendants from enforcing 18 U.S.C. § 922 and declare that statute unconstitutional because application of the statute would interfere with his constitutional right to bear arms under the Second Amendment, and to equal protection, "if and when" he registers for Ohio's medical marijuana program to treat his PTSD[1] symptoms. (*Id*. at 3). Plaintiff has filed a motion to proceed with the action *in forma pauperis* (Doc. #: 2) and that motion is granted.

For the reasons that follow, this case is dismissed.

---

[1] "PTSD" is the acronym for post traumatic stress disorder.

**A. Background**

Plaintiff states that marijuana is legal for medical purposes in a number of states, including Ohio, and is a Schedule 1 substance under federal law "reserved for drugs with the greatest potential for abuse and with no medicinal value." Plaintiff alleges he has been diagnosed with PTSD, which is one of the conditions in Ohio qualifying for treatment with medical marijuana, and that he is eligible to register for Ohio's medical marijuana program. (Doc. #: 1 ¶¶ 8-12).

But Plaintiff claims that he is unable to register for Ohio's medical marijuana program because he possesses firearms and ammunition and 18 U.S.C. § 922, which "prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users," applies to users of medical marijuana. (*Id*. ¶ 28). Bradley claims in Count 1 of the Complaint that the application of § 922 to medical marijuana use violates his right to keep and bear arms under the Second Amendment. (*Id*. ¶¶ 24-29). In Count 2, Plaintiff alleges that application of § 922 to medical marijuana use violates his Fourteenth Amendment right equal protection because the medical marijuana he is allowed to receive under Ohio law is classified under federal law as a Schedule 1 substance. (*Id*. 4-5).

Plaintiff seeks declaratory and injunctive relief. Plaintiff claims that if the Court does not issue an injunction to prohibit Defendants from enforcing § 922, he will go without the medical marijuana that he needs to relieve his PTSD symptoms. And without a declaration that § 922, ATF[2] regulations, and ATF's "open letter to all federal firearms licensees" violate the

---

[2] "ATF" is an acronym for Bureau of Alcohol, Tobacco, Firearms and Explosives.

Second and Fourteenth Amendments, he would be subject to felony charges and harassment by law enforcement if he both registered for Ohio's medical marijuana program and possessed firearms. (*Id*. at 5-6).

**B. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**C. Analysis**

    **1. 18 U.S.C. § 922**

Plaintiff's complaint centers on 18 U.S.C. § 922, but he does not specify the subsection which he asks this Court to declare unconstitutional and enjoin enforcement.[3] However, based

---

[3] In the Complaint, Plaintiff repeatedly states that "18 U.S.C. § 922" "'prohibits unlawful drug users from owning firearms or ammunition and prohibits firearm dealers from selling guns to known drug users.'" (*See* Doc. #:1 at 1).

-3-

upon the language in the Complaint and Plaintiff's reference to the Open Letter[4] issued by ATF on September 21, 2011, it appears that Plaintiff is referring to 18 U.S.C. §§ 922(g)(3)[5] and (d)(3).[6]

The ATF Open Letter was issued to "provide guidance" to federal firearms licensees in response to "inquiries regarding the use of marijuana for medical purposes and its applicability to Federal firearms laws and regulations." The Open Letter provides in relevant part that:

> Federal law, 18 U.S.C. § 922(g)(3), prohibits any persons who is an "unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))" from shipping, transporting, receiving or possessing firearms or ammunition. Marijuana is listed in the Controlled Substances Act as a Schedule I controlled substance, and there are no exceptions in Federal law for marijuana purportedly used for medicinal purposes, even if such use is sanctioned by State law. Further, Federal law, 18 U.S.C. § 992(d)(3), makes it unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or **having reasonable cause to believe** that such person is an unlawful user of or addicted to a controlled substance. . . . Therefore, any person who uses or is addicted to marijuana, regardless of whether his or her State has passed legislation authorizing marijuana for medical purposes, is an unlawful user of or addicted to a controlled substance, and is prohibited by Federal law from possessing firearms or ammunition.

September 21, 2011 ATF "Open Letter to all Federal Firearms Licensees" (emphasis in original).

**2. Plaintiff lacks standing**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331, but the Court nevertheless lacks jurisdiction to proceed if Plaintiff does not have standing to pursue this case.

---

[4] The Open Letter may be found on the ATF public website: https://www.atf.gov/file/60211/download.

[5] Section 922(g)(3) criminalizes possession or receipt of a firearm by an unlawful drug user or a person addicted to a controlled substance.

[6] Section 922(d)(3) bans the sale of firearms to individuals whom firearm sellers have reasonable cause to believe are drug users.

-4-

*See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "For standing, a party must establish: '(1) ... an injury in fact ...; (2) the injury is fairly traceable to the conduct of defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of a future harm.'" *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 963 (N.D. Ohio 2009) (quoting *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009)), *aff'd,* 395 F. App'x 152 (6th Cir. 2010). In the context of injunctive relief, a plaintiff "must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions. Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Plinton v. Cty. of Summit*, No. 506-CV-1872, 2007 WL 527866, at *1 (N.D. Ohio Feb. 14, 2007) (quoting *L.A. v. Lyons,* 461 U.S. 95, 101-02 (1983)), *aff'd,* 540 F.3d 459 (6th Cir. 2008).

Plaintiff alleges that he possesses firearms and ammunition, and that he "will lose his **RIGHT TO KEEP AND BEAR FIREARMS, if and when he registers for the Ohio Medical Marijuana Program.**" (Doc. #:1 ¶ 18 (emphasis in original)). But Plaintiff's "if and when" intention to register for Ohio's medical marijuana program is too speculative to establish standing.

"[I]n *Lujan,* the [Supreme] Court concluded that the petitioners failed to establish standing because 'some day' intentions – without ... any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." *Stevenson v. W. & S. Mut. Holding Co.*, No. 1:11-CV-01354, 2012 WL 1035726, at *2 (N.D. Ohio Mar. 27, 2012) (some internal quotation marks omitted) (emphasis in original) (quoting *Lujan*, 504 U.S. at 564 (affiants' intent to return to the places they had visited before where, this time, they will presumably be deprived of the opportunity to observe animals of the endangered species, is simply not enough to support a finding of actual or imminent injury)); *Lujan*, 504 U.S. at 564 n. 2 (the concept of imminence "has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time ...").

Moreover, "Section 922(g)(3) criminalizes possession or receipt of a firearm by a unlawful drug user or a person addicted to a controlled substance." *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). While Plaintiff alleges that he possesses a firearm, he does not allege that he is an unlawful drug user or is addicted to a controlled substance. Thus, Plaintiff "has not shown has not shown a '*genuine* threat of *imminent* prosecution' under § 922(g)(3), as is generally required of plaintiffs raising pre-enforcement challenges to criminal statutes outside the First Amendment context." *Id*. (finding that plaintiff who did not allege she was an unlawful drug user or addicted to a controlled substance, or that she possessed a firearm, lacked standing to challenge 18 U.S.C. § 922(g)(3)) (emphasis in original) (citing *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). Nor does Plaintiff allege facts which support standing to challenge § 922(d)(3). He does not claim that he has an Ohio medical marijuana registry card, or other indicia of unlawful drug use, that would provide firearm sellers

with reasonable cause to believe he is a drug user and, therefore, refuse to sell him a firearm pursuant to § 922(d)(3). *Id.* at 1091 (Plaintiff possessing a Nevada medical marijuana registry card, but not alleging that she uses marijuana or unlawful drugs, has standing to challenge § 922(d)(3) because possession of registry card gives firearm sellers reasonable cause to believe she is a drug user).

"Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." *Mitchell v. BMI Fed. Credit Union*, 668 (S.D. Ohio 2019) (citing *Lujan,* 504 U.S. at 560; U.S. Const. art. III, § 2). The party invoking federal subject matter jurisdiction has the burden of establishing all the requirements necessary to establish standing. *Lujan*, 504 U.S. at 561 (citations omitted). This Plaintiff has failed to do, and this case is dismissed for lack of jurisdiction.

### 3. Plaintiff fails to state a plausible claim

Even if Plaintiff's allegations were sufficient to establish standing, his Complaint would nevertheless be subject to summary dismissal pursuant to § 1915(e)(2)(B). As Plaintiff freely acknowledges, marijuana is an unlawful drug under federal law (which does not recognize any medical benefit to the use of that drug), and §§ 922 (d)(3) and (g)(3) bar the possession of firearms by, and sale of firearms to, unlawful drug users. This action is not the first to challenge §§ 922(d)(3) and (g)(3) in states which have legalized medical marijuana with respect to whether enforcement of those statutes violate the card holder's rights under the Second Amendment and to equal protection. Other courts considering these issues have concluded that §§ 922(d)(3) and (g)(3) do not violate the constitutional rights of a medical marijuana cardholder under the Second Amendment or to equal protection. *See Wilson,* 835 F.3d at 1092-99; *Gibson*

*v. Holder*, No. 3:14 CV 641 (MCR/EMT), 2015 WL 5635125, at *12 (N.D. Fla. Aug. 3, 2015) (finding that holder of California medical marijuana card challenging 18 U.S.C. § 922(g)(3) fails to state a plausible claim, noting that "[e]very circuit court to have considered the issue of the constitutionality of § 922(g)(3) under the Second Amendment has affirmed its constitutionality") (citing *United States v. Carter,* 750 F.3d 462 (4th Cir. 2014); *United States v. Dugan,* 657 F.3d 998, 999 (9th Cir. 2011); *United States v. Yancey,* 621 F.3d 681, 682 (7th Cir. 2010) (per curiam); *United States v. Seay,* 620 F.3d 919, 924-25 (8th Cir. 2010); *United States v. Patterson,* 431 F.3d 832, 835-36 (5th Cir. 2005); *United States v. Richard,* 350 F. App'x 252, 260 (10th Cir. 2009)), report and recommendation adopted, No. 3:14CV641/MCR/EMT, 2015 WL 5634596 (N.D. Fla. Sept. 23, 2015); *see also United States v. Bellamy*, 682 F. App'x 447 (6th Cir. 2017) (affirming conviction for possession of a firearm by an unlawful user of a controlled substance, notwithstanding that defendant possessed a medical marijuana card from Michigan, as marijuana is Schedule I controlled substance under federal statute and the ATF had issued an open letter to all federal firearms licensees putting them on notice that any person who used marijuana was an unlawful user prohibited from possessing firearms or ammunition regardless of whether their state had passed legislation authorizing medical use for medicinal purposes) (citing 18 U.S.C. § 922(g)(3); 21 U.S.C. § 812; *Wilson*, 835 F.3d at 1099); *United States v. Patterson*, 431 F.3d 832, 835-36 (5th Cir. 2005) ("Prohibiting unlawful drug users from possessing firearms is not inconsistent with the right to bear arms guaranteed by the Second Amendment ... [and] Section 922(g)(3) survives Patterson's constitutional challenge."); *United States v. Hicks*, 722 F. Supp. 2d 829, 934-35 (E.D. Mich. 2010) (defendant's possession of marijuana, even if it was for medicinal purposes authorized under Michigan law, violated the

federal Controlled Substances Act and, therefore, the conditions of defendant's supervised release); Kenneth Seligson, *A Job for Congress: Medical Marijuana Patients' Fight for Second Amendment Rights*, 48 Golden Gate U. L. Rev. 63, 77 (2018) ("[U]ntil medical marijuana patients are deemed law-abiding under federal law, or an exception is created, their Second Amendment challenges will always fail. Because the courts cannot provide an appropriate remedy due to the Supremacy Clause, Congress or the executive branch are the proper institutions to protect medical marijuana patients' Second Amendment rights.").

Marijuana is a Schedule 1 controlled substance under federal law with no acceptable medical use for treatment and is unlawful notwithstanding any state law authorizing medical use for medicinal purposes. *See Bellamy*, 682 F. App'x at 450-51. Congress may prohibit illegal drug users from possessing firearms given the danger presented by users of controlled substances, and such prohibition does not violate the Second Amendment. Nor does Congress' prohibition on the sale of firearms to individuals whom sellers have reasonable cause to believe are drug users, including medical marijuana card holders, violate the holders' constitutional right to constitutional equal protection. *Wilson*, 835 F. 3d at 1098 (§ 922(d)(3) is reasonably related to reducing gun violence and neither the statute, implementing regulations, nor the Open Letter violate the equal protection clause); *Wilson v. Holder*, 7 F. Supp. 3d 1104, 1116 (D. Nev. 2014) (Second Amendment challenge to § 922(g)(3) fails given that the Ninth Circuit in *Dugan,* 657 F.3d at 999-1000 joined the Seventh and Eighth Circuit in broadly holding that Congress may prohibit illegal drug users from possessing firearms.), *aff'd sub nom. Wilson,* 835 F.3d 1083; *Roberge v. United States*, No. 1:04-CR-70, 2013 WL 4052926, at *19 (E.D. Tenn. Aug. 12, 2013) ("All federal courts that have addressed post-[*District of Columbia v. Heller,* 544 U.S.

570 (2008)] Second Amendment challenges to 18 U.S.C. § 922(g)(3) have consistently upheld the statute.") (citing *Dugan,* 657 F.3d 998; *United States v. Thomas,* 426 F. App'x. 459, 461 (7th Cir. 2011); *Yancey,* 621 F.3d 681; *Seay,* 620 F.3d 919; *Richard,* 350 F. App'x. 252; *United States v. Conrad,* 2013 WL 546373 (W.D. Va. Feb.13, 2013); *United States v. Emond,* 2012 WL 4964506 (D. Me. Oct.17, 2012); *United States v. Stacy,* 2010 WL 4117276 (S.D. Cal. Oct.18, 2010)).

Based on the facts alleged in the Complaint, which the Court liberally construes in Plaintiff's favor, the Court finds no basis upon which to depart from these reasoned lines of cases to reach a different result. Accordingly, Plaintiff fails to state a plausible constitutional challenge to 18 U.S.C. §§ 922(d)(3) and (g)(3), and this case is subject to dismissal pursuant to § 1915(e)(2) for this additional reason.

**D. Conclusion**

For all of the foregoing reasons, this action is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion to proceed *in forma pauperis* is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

**IT IS SO ORDERED**.

    *s/ Dan Aaron Polster*    8/14/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[7] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.